UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne Alfred DAY, Defendant–
Appellant.

No. 00–56525.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001

Filed April 10, 2002.

William S. Pitman, Beverly Hills, CA, for the defendant-appellant.

Michael Terrell, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

GOODWIN, Circuit Judge.

Wayne Day appeals the judgment denying his motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. He contends that he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253 and we reverse and remand for re-sentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

The charges against Day arose from two drug sales that he and his co-defendant made to a confidential informant. In the first transaction, Day sold powder cocaine and, in the second transaction, Day sold cocaine base ("crack" cocaine).

Day was indicted on three counts: (1) conspiracy to distribute and to possess

with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) distribution of a mixture containing approximately 238.3 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) distribution of a mixture containing approximately 250.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Prior to trial, the government made a plea offer to Day. In exchange for Day's guilty plea, the government offered to recommend to the court that Day's base offense level be 34 and that he receive a three-point reduction for acceptance of responsibility. This recommendation would have put Day at level 31, with a sentencing range of 108 to 135 months because his criminal history category was I. Under the proposed plea agreement, both sides reserved the right to seek additional guideline adjustments. Day's counsel at the time, Kirt J. Hopson, advised Day about aspects of the plea agreement and the likely consequences of accepting the agreement as compared to going to trial. Hopson told Day that his best chance of getting a reduced sentence was by establishing that the government had engaged in sentencing entrapment. Hopson mistakenly told Day that he would be allowed to make this argument only if Day went to trial, whereas our cases hold that Day also could have made this argument after a guilty plea. *See, e.g. United States v. Naranjo*, 52 F.3d 245, 249–50 (9th Cir. 1995).

Day testified at his trial. He asserted that the confidential informant had tried to convince Day to sell crack cocaine to the informant on numerous occasions, but that Day had repeatedly told him that he did not sell crack cocaine.

Despite the informant's testimony to the contrary, and despite Day's voice recorded by a hidden tape recorder and his photograph, which had been taken by surveillance cameras during the crack cocaine sale, Day denied any involvement in the sale of crack cocaine to the informant. He denied that his voice had been recorded on the audiotape and said that he could not tell whether he was the person in the photographs.

A jury convicted Day of all counts. Throughout trial, Day had been represented by the counsel who had told him he had to stand trial to claim sentencing entrapment. Prior to sentencing, Day substituted in new counsel. At sentencing, the court began computing Day's base offense level at 34. The court added a two-level increase for a leadership role and, based solely on Day's trial testimony, which the court found to be perjured, a two-level increase for obstruction of justice. The court did not grant Day any reduction for acceptance of responsibility. Day's sentence was therefore based on a total offense level of 38. Day's criminal history category was I, which provides for a sentencing range of 235 to 293 months. The court sentenced Day to 235 months in prison and five years of supervised release. Day's conviction and sentence were affirmed on appeal.

## DISCUSSION

■ We review de novo the denial of a federal prisoner's 28 U.S.C. § 2255 motion. *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000). Whether a defendant's ineffective assistance of counsel claim has merit is determined by the teaching of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A convicted defendant seeking to overturn his conviction or sentence on the basis that he was denied effective assistance of counsel must establish (1) that counsel's performance was deficient; and (2) that the deficient performance preju-

diced the defense. *See id.* at 687, 104 S.Ct. 2052.

The district court, in denying Day's motion, stated that it did not need to reach the first prong of the *Strickland* test because Day could not show prejudice. This appeal challenges that reasoning. Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* More specifically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The *Strickland* Court was careful to state that it was not announcing a mechanical rule, and that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696, 104 S.Ct. 2052.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Court elaborated on the fundamental fairness concern that it had expressed in *Strickland*. In *Lockhart*, the defendant's attorney failed to make an objection under then-existing Eighth Circuit precedent at defendant's capital sentencing hearing. The defendant was sentenced to death, and then filed a habeas petition in which he claimed ineffective assistance of counsel. By the time the defendant filed his habeas petition, however, the Eighth Circuit had overturned the case on which the objection would have relied. The Supreme Court held that the defendant could not show that he was prejudiced by his counsel's failure to object, because the precedent was no longer good law, and his counsel's error did not deprive the defendant of a right to which he was entitled. *Lockhart*, 506 U.S. at 369–71, 113 S.Ct. 838.

The *Lockhart* Court reasoned that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart*, 506 U.S. at 369–70, 113 S.Ct. 838 (footnote omitted). The *Lockhart* Court opined that the *Strickland* prejudice test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372, 113 S.Ct. 838 (citations omitted). In her concurring opinion, Justice O'Connor pointed out that:

> today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland v. Washington.* The determinative question—whether there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'—remains unchanged. This case, however, concerns the unusual circumstance where the defendant attempts to demonstrate prejudice based on considerations that, as a matter of law, ought not inform the inquiry.

*Id.* at 373, 113 S.Ct. 838 (O'Connor, J., concurring) (citations omitted).

The Supreme Court recently clarified the relationship between *Strickland* and *Lockhart*. In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court held that the principles and rules announced in *Strickland* apply to those cases in which

"the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393, 120 S.Ct. 1495. But, the Court acknowledged, there are certain cases in which the ineffectiveness of counsel does not deprive the defendant of a right to which the law entitles him, and in these cases, the prejudice component of *Strickland* is not satisfied. The prejudice component of the *Strickland* test, the *Williams* Court explained, is based on the concern that ineffective counsel may render the outcome of a judicial proceeding unreliable or unfair. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding. . . . In every case the court should be concerned with whether . . . the result of the particular proceeding is unreliable." *Strickland*, 466 U.S. at 696, 104 S.Ct. 2052. Rather than modifying or supplanting the rule of *Strickland*, cases such as *Lockhart* have simply clarified that *Strickland's* concern about reliability and fairness is not raised when the defendant was not deprived of a right to which the law entitled him. *See Williams*, 529 U.S. at 391–93, 120 S.Ct. 1495.

## I. The two-point enhancement for obstruction of justice

■ Day claims he was prejudiced because, after trial, the judge increased Day's offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1, on the basis of the judge's belief that Day committed perjury when he testified that he was not involved in the crack cocaine sale. Because a defendant does not have a "right" to commit perjury without suffering the consequences, the fact that counsel's ineffectiveness gave Day an opportunity to commit perjury does not constitute deprivation of a right; accordingly, this portion of the sentence does not satisfy the prejudice component of *Strickland*.

Day argues that if Hopson had not mistakenly told him that it was necessary to go to trial to preserve the sentencing entrapment defense, then Day would not have gone to trial, would not have had the opportunity to perjure himself and would not have received a two-point enhancement for obstructing justice. According to Day, Hopson's error was the "but-for" cause of this enhancement. The flaw in Day's argument is that he cannot point to a substantive or procedural right to which he was entitled and of which he was deprived by counsel's ineffectiveness. The district court correctly recognized the relevance of *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). In *Nix*, the defendant told his attorney shortly before trial that he planned to testify falsely. The attorney said that e would seek to withdraw from the representation if the defendant insisted on committing perjury. The defendant testified truthfully and was convicted. Defendant then petitioned for a writ of habeas corpus, alleging that he had been denied effective assistance of counsel. In rejecting his petition, the Supreme Court held that the defendant had not been deprived of any right: "there is no right whatever—constitutional or otherwise—for a defendant to use false evidence." *Nix*, 475 U.S. at 173, 106 S.Ct. 988.

Similarly, Day was not deprived of a right to which he was entitled by being sentenced in part for testifying falsely. Day was not forced to commit perjury because his counsel mistakenly advised him to go to trial. By choosing either not to testify or to testify truthfully, Day would have avoided the two-point obstruction of justice enhancement. The proceeding was not rendered unfair or unreliable by reason of the sentencing judge holding Day responsible for perjury. Day cannot show that the two-point enhancement for obstruction of justice deprived him of a

right, and therefore he cannot show that his counsel's ineffectiveness prejudiced him under *Strickland.* Therefore, the district court's conclusion that Day's obstruction of justice enhancement was not "prejudice" caused by his counsel's erroneous advice was free from error.

## II. The three-point decrease for acceptance of responsibility

■ After trial, the judge did not give Day the three-point sentencing reduction for acceptance of responsibility that the government had offered him at the plea bargaining stage in accordance with U.S.S.G. § 3E1.1. With respect to the point score underlying his sentence, Day can complain that the bad advice from his lawyer deprived him of the right to make a well-informed decision about whether to accept a favorable plea agreement offer. Accordingly the calculation of the sentence can be evaluated under the "but-for" prejudice standard of *Strickland.*

The commentary to the United States Sentencing Guidelines explains the use of the acceptance of responsibility reduction:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt.

U.S.S.G. § 3E1.1, application note 2.

An attorney's incompetent advice resulting in a defendant's rejection of a plea offer can constitute ineffective assistance of counsel. *See United States v. Blaylock,* 20 F.3d 1458, 1465–66 (9th Cir.1994). In *Blaylock,* the defendant's attorney failed to inform him of a plea offer made by the prosecutor, and the defendant went to trial. "[A]lthough Blaylock ... received a fair trial, he is not precluded from showing prejudice." *Id.* at 1466. The court found that Blaylock was prejudiced by his counsel's incompetence because the trial court would have been willing to grant Blaylock a reduction for acceptance of responsibility if he had accepted a plea offer prior to trial, but that the court refused to do so after trial. *See id.* at 1467.

*Blaylock* is controlling on the prejudice question, because Day also contested factual guilt at trial. Day claimed that he was not involved in distributing crack cocaine as charged. Because Day contested this charge, there was similarly no basis for awarding acceptance of responsibility after trial. Like Blaylock, who was never informed of the plea offer and therefore was deprived of his right to take advantage of it, Day never had the opportunity to consider intelligently his plea offer and to make an informed decision about it. Day's higher sentence after trial similarly resulted from the very fact of a trial itself, a fact that was brought about by Hopson's erroneous advice. There is no guarantee that Day would have received a reduction for acceptance of responsibility after trial *even if* he had testified truthfully.

The district court erred in concluding that Day was not prejudiced by his forfeiture, on the bad advice of counsel, of the possibility of a three-point reduction for acceptance of responsibility. In accordance with *Blaylock,* Day met the second prong of the *Strickland* analysis with respect to this portion of his sentence.

■ Because the district court declined to rule on the first part of the *Strickland* test, but skipped ahead to rule (erroneous-

ly) that Day did not suffer prejudice under the second prong of the *Strickland* analysis, we are confronted with something of an anomaly. The *habeas* court may have assumed, or silently concluded, that trial counsel's improvident advice failed the first part of the *Strickland* analysis, which requires a defendant to show that his counsel's performance was deficient. On this record, we do not know whether the district court found that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. Because of the error on the prejudice analysis the sentence must be vacated and the cause remanded. On remand, the district court should complete the record by making a finding on the first part of the *Strickland* test. After Day's counsel's performance is accorded the full *Strickland* review, Day should be resentenced in accordance with the law and the facts. We leave it to the discretion of the district court to decide whether an evidentiary hearing is required to complete the *Strickland* review. *See Seidel v. Merkle,* 146 F.3d 750, 753–54 (9th Cir.1998).

Sentence VACATED and cause RE-MANDED for further proceedings.

*VACATED AND REMANDED.*

1. John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the