**BUREAU OF PRISONS; United States of America, Plaintiffs–Appellees,**

v.

**Abdur SHAREEF, Defendant–Appellant.**

**No. 00–56726.**

**D.C. Nos. CV–99–11352–SVW, CR–98–00168–SVW–02.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Aug. 19, 2002.

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

The facts of the underlying proceedings in this case are uncontested. Abdur Shareef pleaded guilty to armed robbery of a credit union, in violation of 18 U.S.C. § 2113(a)(d), and using or carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court entered judgment on June 24, 1998. Shareef appealed neither his conviction nor his sentence. On October 29, 1999, Shareef filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241.[1] In response to Shareef's petition, the government filed a motion to dismiss. The government argued that Shareef should have filed a motion under 28 U.S.C. § 2255 rather than a habeas petition under § 2241, that the one-year statute of limitations for filing under § 2255 had expired, and that the district court should dismiss Shareef's petition as time-barred.[2] In an order entered July 12, 2000, the district court construed Shareef's petition as a § 2255 motion, and denied the petition. Finding no extraordinary circumstances beyond Shareef's control to justify his fail-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. In his petition, Shareef challenged his sentence on the grounds that (1) the district court improperly applied a two-level upward adjustment under the Sentencing Guidelines because a victim of the robbery suffered bodily injury, see U.S.S.G. § 2B3.1(b)(3)(A); and (2) the district court improperly failed to grant Shareef a downward departure because his criminal history category overrepresented the seriousness of Shareef's criminal past and because of his drug dependence and "lack of youthful guidance." Shareef amended his petition on January 19, 2000 to include a claim of ineffective assistance of counsel.

2. Section 2255 identifies a number of dates from which the limitations period may begin to run. The date that is relevant in this case is July 6, 1998, the date on which the district court's judgment in Shareef's criminal case became final. (The district court entered judgment on June 24, 1998. Shareef had ten days from that date in which to appeal. See Fed. R.App. P. 4(b)(1)(A)(i). The tenth day was July 4, 1998. However, because July 4, 1998 was a Saturday, Shareef had until Monday, July 6, 1998. See Fed. R.App. P. 26(a)(3). Shareef failed to appeal by July 6, 1998, so the judgment in his case became final on that date.) Thus, the one-year statute of limitations expired on July 6, 1999.

ure to file within § 2255's one-year statute of limitations, the district court dismissed the motion as time-barred. Shareef filed a timely Notice of Appeal on September 5, 2000. We granted a certificate of appealability on the question whether Shareef is entitled to equitable tolling of § 2255's one-year statute of limitations.

We have jurisdiction under 28 U.S.C. § 1291, and review *de novo* a district court's denial of a federal prisoner's 28 U.S.C. § 2255 motion. *United States v. Day,* 285 F.3d 1167, 1169 (9th Cir.2002).

■ The only issue in this appeal is whether Shareef is entitled to equitable tolling of § 2255's one-year statute of limitations. If he is not, then his motion was untimely and properly dismissed by the district court.

■ A prisoner is entitled to equitable tolling only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997) (internal quotation marks and citation omitted), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir. 1998) (en banc). It is the prisoner's burden to demonstrate that extraordinary circumstances exist. *United States v. Marolf,* 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999). "In spite of the high hurdle to the application of equitable tolling, we have found equitable tolling of AEDPA's statute of limitations appropriate in a number of circumstances." *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002) (internal citation and quotation marks omitted); *see, e.g., Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (equitable tolling found where prison officials delayed in helping prisoner pay filing fee).

In his § 2241 petition, Shareef explained why he had not filed a motion under § 2255: "I have been incarcerated in the Special Housing Units (HOLE) for about 6 months out of the first year after I was sentenced and time expired to file a 2255."

The district court held that Shareef was not entitled to equitable tolling.

> There is no evidence of such 'extraordinary circumstances' in Petitioner's letters or original writ of habeas corpus. The only information Petitioner provides *is that he was in the 'hole' for the first six months of his term* and did not have access to legal information and writing materials. Even accepting these allegations as true, the Court believes Petitioner had ample time to complete his motion–particularly given that his claims are neither legally nor factually complex.

(emphasis added).

As Shareef correctly notes, he did not state that he was in the hole for the *first* six months of his incarceration; only that he was in the hold "for about 6 months out of the first year" of his incarceration. There is no evidence before the court to suggest petitioner was in the hold for the *first* six months of his term, allowing him six months subsequent to file his petition in a timely manner. In fact, his statement that the "time expired" to file his petition suggests that he was in the hole while the statute of limitations expired. Based on the record before us, we simply cannot determine when petitioner spent time in the hole. Because "[o]n the present record ... we cannot go farther," *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (with an incomplete record, remanding to determine whether there existed an "impediment," under 28 U.S.C. § 2244(d)(1)(B), or other grounds for equitable tolling), we remand to the district court for a determination of when Shareef was in the hole, particularly

with respect to the expiration of the statute of limitations, and whether his confinement in the hole interfered with his ability to timely file a § 2255 motion such that equitable tolling should apply.

For the reasons given, we reverse the district court's order dismissing Shareef's motion, and remand.

REVERSED and REMANDED