UNITED STATES of America, Plaintiff—Appellee,

v.

Rodolfo MORENO, aka Raymond Edward Martinez, Defendant—Appellant.

No. 01–17395.
D.C. No. CV–97–00343–EHC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 20, 2002.

the merits of her gender and age discrimination claims.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, RAWLINSON and CLIFTON, Circuit Judges.

### MEMORANDUM*

Petitioner Rodolfo Moreno appeals the district court's denial of his federal habeas petition, filed pursuant to 28 U.S.C. § 2255. We affirm.

As the parties are familiar with the facts, we recite them only as necessary. We review the denial of Moreno's § 2255 motion *de novo*. *See United States v. Day*, 285 F.3d 1167, 1169 (9th Cir.2002). We accept the district court's findings of fact, and its adoption of the magistrate judge's findings of fact, unless clearly erroneous. Fed.R.Civ.P. 52(a); *Sanders v. Ratelle*, 21 F.3d 1446, 1452 (9th Cir.1994).

Moreno contends that trial counsel Clay Hernandez ineffectively represented him (1) by failing to investigate Jesus Castelo as a potential witness, (2) by failing to stipulate to Moreno's underlying conviction, and (3) by continuing the trial. Moreno's claims fail if he cannot prove that these allegedly deficient acts prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate prejudice, Moreno "must show that there is a reasonable probability that, but for [Hernandez's] unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Moreno does not show that he was prejudiced by Hernandez's failure to investigate Castelo. Castelo's affidavit does not provide testimony that would exonerate Moreno. First, it is uncertain whether Hernandez could have even located Castelo. We accept the district court's finding that Castelo did not return to the United States after being deported to Mexico immediately after his arrest, as it leaves no "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Moreno provides no evidence indicating that he or Hernandez had an address for Castelo in Mexico in 1994, or otherwise would have been able to locate Castelo.

Even if Castelo could have been located, Moreno does not show that Castelo would have testified at Moreno's trial to having possessed the gun. *Cf., e.g., Luna v. Cam-*

---

bra, 306 F.3d 954, 963 (9th Cir.2002); Avila v. Galaza, 297 F.3d 911, 923 (9th Cir. 2002). In fact, Castelo had a strong incentive not to offer such testimony, as doing so could have constituted an admission to a federal crime for weapons possession. *See* 18 U.S.C. §§ 922(g)(5)(A) & 924(a)(2). There is also no evidence that Castelo would have admitted to possessing the gun via foreign deposition. For example, there is no evidence that Castelo admitted to anyone before trial to having possessed the gun. *Cf. Avila*, 297 F.3d at 915; *Sanders*, 21 F.3d at 1450. Even if Castelo had agreed to be deposed, it is not clear that the district court would have found that "exceptional circumstances" justified a deposition. Fed.R.Crim.P. 15(a). In sum, Moreno's speculative arguments do not "affirmatively prove prejudice" from Hernandez's failure to investigate Castelo. *Strickland*, 466 U.S. at 693.

■ Similarly, Moreno fails to demonstrate that he was prejudiced by Hernandez's failure to stipulate to Moreno's underlying conviction. At the time of trial, the law in the Ninth Circuit was that a defendant's offer to stipulate to an underlying offense did not preclude the government from introducing evidence about that offense. *See United States v. Breitkreutz*, 8 F.3d 688, 690 (9th Cir.1993), *overruled by Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Moreno provides no evidence that, even if Hernandez had agreed to stipulate to the underlying conviction, the government would not have rejected the offer and would not have introduced the particulars of the conviction.

Finally, Moreno fails to show that he was prejudiced by Hernandez's decision to continue the trial. Moreno presents no

evidence that, if the trial date had remained firm, the government would not have filed the sentence-enhancing information earlier.

Because Moreno fails to show that he was prejudiced by any of Hernandez's allegedly deficient acts, his habeas petition fails.

AFFIRMED.