UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel Alvarez ADAME, Defendant—Appellant.

No. 02–56110.
D.C. No. CV–00–06168–TJH,
CR–96–00729–TJH–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM **

Federal prisoner Miguel Alvarez–Adame appeals the denial of his 28 U.S.C. § 2255 motion. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 2253(a). We review de novo. *United States v. Day*, 285 F.3d 1167, 1169 (9th Cir.2002). We affirm.

Alvarez–Adame claims his indictment was defective and that his 1976 deportation violated due process. His unconditional guilty plea precludes these arguments. *United States v. Kaczynski*, 239 F.3d 1108, 1113–14, 1118 (9th Cir.2001). Moreover, a defective indictment does not deprive the district court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Also precluded is his claim of ineffective assistance of trial counsel on these pre-plea matters. *Reyes–Platero*, 224 F.3d at 1115.

Finally, Alvarez–Adame contends that appellate counsel was ineffective. We are not persuaded. Alvarez–Adame fails to demonstrate that he was prejudiced by counsel's failure to challenge the indictment or argue that Alvarez–Adame's 1976 deportation was invalid. *See Miller v.*

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*Keeney*, 882 F.2d 1428, 1433–34 (9th Cir. 1989).

AFFIRMED.