Ross Anthony ANDERSON,
Petitioner—Appellant,

v.

UNITED STATES of America,
Respondent—Appellee.

Douglas Eric Anderson, Petitioner—
Appellant,

v.

United States of America,
Respondent—
Appellee.

Nos. 00–16577, 01–16362.
D.C. Nos. CV–00–00424–HDM,
CR–96–00081–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2003.*

Decided April 1, 2003.

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM**

Ross Anderson appeals the district court's denial of his motion to transfer his supervised release. Anderson's pro se motion to transfer his supervised release requested that the district court "compel the United States Probation Office, (USPO), to transfer his supervised release to the Central District in the State of California, specifically to Santa Barbara County, town of Solvang." He relied on 18 U.S.C. § 3605, which allows a district court to "transfer jurisdiction over a probationer or person on supervised release to the *district court for any other district....*"[1] The United States Probation Office allowed Anderson to live in Palmdale, California, which is located in the Central District of California, and to visit his family in Solvang. We therefore agree with the government that Anderson's motion is moot.[2]

Douglas Anderson appeals the district court's denial of his habeas petition and argues that he received ineffective assistance of counsel. We review de novo the district court's decision to grant or deny a federal prisoner's 28 U.S.C. § 2255 motion.[3] For a federal court to overturn a federal defendant's conviction or sentence in a habeas petition on the grounds of ineffective assistance of counsel, the defendant must establish "(1) that counsel's per-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. § 3605 (emphasis added).

2. Anderson (now represented by counsel) argues that 18 U.S.C. § 3583 grants the district court the power to modify the terms of his supervised release, including the location of his residence. Because this argument is presented for the first time on appeal and was not properly presented to the district court in Anderson's motion, we do not reach it.

3. *United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir.2001).

formance was deficient; and (2) that the deficient performance prejudiced the defense."[4] We must dismiss the habeas petition if either *Strickland* prong is not met.

In the case at bar, Anderson claims that he received ineffective assistance of counsel because his attorney did not challenge whether the images the government presented at trial depicted actual children. Anderson challenges his attorney's strategic decision to pin the blame on Anderson's brother, Ross Anderson, who shared his residence, rather than attempting to show that the images were not of actual children. For an attorney's actions to be deficient under *Strickland*, they must be objectively unreasonable,[5] keeping in mind that a strong presumption exists that an attorney's conduct "falls within the wide range of reasonable professional assistance."[6]

Anderson's attorney indicated that he did not present this defense because he did not believe a jury would find it credible and there was no evidence to support it. The attorney's decision appears to be a tactical decision based on his reasonable professional judgment and does not rise to the level of ineffective assistance.[7] Because Anderson cannot establish the first prong of *Strickland*, it is unnecessary to reach the prejudice prong.

DISMISSED in part and AFFIRMED in part.

---

4. *United States v. Day*, 285 F.3d 1167, 1169–70 (9th Cir.2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

5. *See United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002).

6. *Strickland*, 466 U.S. at 689.

7. *See Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir.1995) ("Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel.").