Raoul RODRIGUEZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 03–35392.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided Aug. 20, 2004.

Jeff Ellis, Es., Law Offices Of Ellis, Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

Ronald J. Friedman, Esq., Douglas B. Whalley, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Raoul Rodriguez appeals the district court's denial of his 28 U.S.C. § 2255 petition for a writ of habeas corpus. Rodriguez contends that his counsel provided him with ineffective assistance, thereby prejudicing his defense. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review the district court's denial of the habeas petition under § 2255 *de novo.* *United States v. Day,* 285 F.3d 1167, 1169

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

(9th Cir.2002). We review the factual findings of the district court for clear error. *United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir.2001).

Rodriguez contends that his counsel's failure to inform him of the terms of the proposed plea and his sentencing exposure under the sentencing guidelines constitutes ineffective assistance of counsel. In order to establish constitutionally ineffective assistance of counsel, Rodriguez must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An attorney's performance is not "deficient" unless it falls "outside the wide range of professionally competent assistance," and "below an objective standard of reasonableness." *Id.* at 688–90, 104 S.Ct. 2052.

█ The record reveals that Rodriguez's attorney explained the sentencing guidelines to him; informed Rodriguez of the government's plea offer several times; explained that the dismissal of the gun count had the effect of reducing any sentence by 60 months; and encouraged Rodriguez to accept the bargain. The district court found that Rodriguez's claims to the contrary were not credible, and we must accord "special deference" to that finding. *See Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). We therefore conclude that counsel's advice regarding the terms of the plea offer was not "deficient."

█ Rodriguez also contends that his counsel's failure to move for a new trial based on newly discovered impeachment evidence constituted ineffective assistance of counsel. Counsel's failure to move for a new trial was not "deficient," however, because he investigated the relevant law and facts and reasonably concluded that a new trial would result in the same outcome. *See Strickland*, 466 U.S. at 690, 104 S.Ct.

2052 (holding that strategic choices made by an attorney "after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). We agree with counsel's assessment, because the evidence against Rodriguez, including his own testimony, was strong enough to sustain his conviction even without the testimony of the two witnesses who claimed to have perjured themselves. Therefore, counsel's failure to pursue a new trial based on the impeachment evidence was neither deficient nor prejudicial.

The judgment of the district court denying Rodriguez's petition for a writ of habeas corpus is accordingly AFFIRMED.