**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian Keith BRIM, Defendant–
Appellant.**

No. 04–55370.
D.C. No. CV 99–2201–DDP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Sept. 12, 2005.

Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

United States Attorney's Office, Los Angeles, CA, Gail Ivens, Glendale, CA, for Defendant–Appellant.

United States District Court for the Central District of California; Dean D. Pregerson, District Judge, Presiding.

Before FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Brian Keith Brim appeals the denial of his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. Brim complains that he was denied his Sixth Amendment right to effective assistance of counsel and that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) requires that his sentence be vacated.

We review the district court's denial of a section 2255 motion de novo. *United States v. Wells*, 394 F.3d 725, 732–33 (9th Cir.2005). Under *Strickland v. Washington*, 466 U.S. 668, 692, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to support a claim for ineffective assistance standard, a defendant must demonstrate that his representation (1) fell "below an objective standard of reasonableness," and (2) that the mistakes made were "prejudicial to the

defense," that is, such mistakes that create a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Brim can show otherwise. *Id.* at 689–90, 104 S.Ct. 2052.

The *Strickland* test applies to claims that a defendant did not receive effective assistance in determining whether to accept a guilty plea. *See United States v. Day*, 285 F.3d 1167, 1172 (9th Cir.2002). However, a mere inaccurate prediction of the sentence, standing alone, does not constitute ineffective assistance. *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986). Instead, a defendant must demonstrate that his attorney grossly mischaracterized the likely outcome and provided erroneous advice on the effects of going to trial. *Iaea*, 800 F.2d at 865.

Brim argues that his trial counsel should have provided more specific guidance to him when explaining the effect of the plea. He asserts that counsel should have been more clear that if he did not plead guilty, he would face a mandatory life sentence, whereas a guilty plea would have resulted in the possibility that Brim would leave prison after a minimum of 20 or 30 years. Under *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), *any* additional time served as a result of deficient performance by counsel is prejudicial.

█ *Glover* would govern here if Brim's trial counsel's performance were deficient. However, Brim's attorney informed his client by letter that "the effect of the plea bargain is to reduce a life without release sentence to a 360 months to life sentence."

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

His attorney also met with him and explained how his sentence would be calculated under the guidelines if he pled guilty. The lawyer accurately characterized the effect of the plea agreement on Brim's sentence. Brim was adequately informed when he chose to proceed to trial, and his attorney's performance in this regard was not deficient. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir.2002).

Brim argues that his trial counsel's performance was ineffective because he did not investigate the purity of the drugs and therefore the quantity of narcotics capable of being produced by Brim and his co-defendants. Brim retained an expert who opined that the quantity of narcotics capable of being produced was actually in the range of 21.7 to 32.5 kilograms, "and less still if the purity was less than 100%." From this, Brim posits that his base offense level under the guidelines might have been as low as 36, rather than 38.

We reject this argument. If Brim is correct that the base offense level could have been 36, after the addition of the enhancements (for aggravated role in the offense and reckless endangerment during flight), and less the three points for acceptance of responsibility, Brim's minimum offense level would have been 37. Counsel's estimate of 42 (which assumed a quantity in excess of 30 grams (base level 38) and did not subtract the three points for acceptance of responsibility) exceeded this minimum, but was well within the range of probability predicted by Brim's expert. Finally, the failure to research the drug purity and discover a possible lower minimum offense level did not affect the sentencing range of 360 months to life offered in the plea agreement, the range which was appropriate under the Guidelines for any arguably applicable offense level. *See* U.S. Sentencing Guidelines Manual § 5A (1995). However high the estimate may have been, it was not so sufficiently misleading as to support the conclusion that counsel "gross[ly] mischaracteri[zed]" the possible sentence. *Iaea*, 800 F.2d at 865.

Brim also claims that his co-defendant, Floyd Osbourne, received a lower sentence after having challenged the drug quantity and that Brim's challenge should likewise succeed. But this argument is misleading. Osbourne was not held responsible for a significant quantity of narcotics that formed part of the evidence supporting the conspiracy charge. Brim was held responsible for all of it. The situations of the two defendants are not comparable.

Brim also raises an uncertified issue, denied by the district court because it was time-barred. We construe this claim as a motion to extend the Certificate of Appealability, which is granted only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *United States v. Zuno–Arce*, 339 F.3d 886, 889 (9th Cir.2003).

Jurists of reason would not so agree. We therefore deny the motion. Even if Brim could make use of the rule in *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (and he cannot, because *Apprendi* may not be applied retroactively to cases on collateral review, *United States v. Sanchez–Cervantes*, 282 F.3d 664, 667 (9th Cir.2002)), *Apprendi* would not assist him in any event. We have held that *Apprendi* left undisturbed the holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004).

**AFFIRMED.**