**Adrian TEMPLETON, Petitioner—Appellant,**

v.

**Jean HILL, Superintendent at SRCI, Respondent—Appellee.**

No. 06–35188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Dec. 22, 2006.

Donnal S. Mixon, Esq., FPDOR, Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Youlee Yim You, Carolyn Alexander, Esq., AGOR, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Adrian Templeton petitioned for habeas relief under 28 U.S.C. § 2254, asserting his attorney provided ineffective assistance of counsel. The district court denied the petition, and Templeton appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Templeton has not carried his burden of showing prejudice under *Strickland v. Washington*, 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] To prevail on his habeas claim, Templeton must show that but for his lawyer's alleged mistake, he would not have withdrawn his guilty plea and would have foregone a trial. *See Hill v. Lockhart*, 474 U.S. 52, 58–60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *United States v. Day*, 285 F.3d 1167, 1172 (9th Cir.2002). He has failed to do so. Indeed, he has not even made an allegation to that effect. In his deposition for his state post-conviction relief proceeding, Templeton never directly claimed that the mistake in possible sentences led him to withdraw his plea. He did not even mention the 160 month versus 190 month difference. Instead, his answers suggested it was primarily the possibility of successfully defending against the prosecution that motivated his decision to withdraw from the plea agreement. He did testify that sentence length played a role in his initial decision to enter the plea bargain, but he did not state that it was part of his decision to withdraw from it. Even assuming that potential sentence length was a concern in the latter decision, nowhere

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The state court's conclusions of law and findings of fact are so conclusory here that none of the its reasoning is discernable. When, as here, there is "the lack of a reasoned explanation," this court "must conduct an independent review of the record ... to determine whether the state court clearly erred in its application of controlling federal law." *Luna v. Cambra*, 306 F.3d 954, 960–61 (9th Cir.2002), *amended by* 311 F.3d 928 (9th Cir.2002) (ellipsis in original, internal quotation marks omitted).

does Templeton even claim, let alone prove, that it was the difference between a 160 month estimate and a 190 month estimate that caused him to withdraw his guilty plea. Since Templeton has failed to allege or demonstrate prejudice from the purportedly inaccurate and unprofessional advice received from his counsel, his claim necessarily fails the second prong of the *Strickland* test.

**AFFIRMED.**