**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMER KARAWI, | No. 09-35229 |
| Petitioner - Appellant, | D.C. Nos. 2:08-cv-00947-RSL |
| v. | 2:04-cr-00398-RSL-2 |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted June 9, 2010**
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

Samer Karawi ("Karawi") appeals the district court's denial of his motion to

vacate his sentence pursuant to 28 U.S.C. § 2255(a). We review de novo the denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a federal prisoner's § 2255 motion, *United States v. Day*, 285 F.3d 1167, 1169 (9th Cir. 2002), and we affirm.

Karawi was convicted of distributing pseudoephedrine with reason to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2), and he was given a below-guidelines sentence of 144 months. His conviction was affirmed on direct appeal.

Karawi's § 2255 motion raises claims of ineffective assistance of counsel, and though they were not raised on direct appeal, they are not procedurally defaulted. *United States v. Braswell*, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)), *cert. denied*, 128 S. Ct. 2098 (2008). Accordingly, we may not grant the writ unless Karawi demonstrates that his appellate counsel's performance was deficient and that this deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Karawi has not demonstrated either deficient performance or prejudice. His appellate counsel reasonably declined to argue on direct appeal that the district judge improperly "testified" in violation of Federal Rule of Evidence 605. The relevant statements by the district court were not "testimony," but rather comments on a witness's testimony made in the course of resolving a defense objection.

Moreover, any alleged inaccuracy in those comments was harmless given the overwhelming amount of independent evidence establishing Karawi's knowledge that the pseudoephedrine he sold was being used illegally. *See United States v. Berber-Tinoco*, 510 F.3d 1083, 1092-93 (9th Cir. 2007).

Further, Karawi has not shown deficient performance or prejudice with respect to the calculation of his advisory guidelines range. Because Karawi's trial counsel did not argue that his prior false reporting offense should not be counted in his criminal history, any related claim of error on direct appeal would have been subject to plain error review. *United States v. Jimenez*, 258 F.3d 1120, 1124-25 (9th Cir. 2001). Appellate counsel acted reasonably in not alleging a sentencing error on direct appeal, as any error by the district court was not plain from the record or then governing law. The relevant guidelines were arguably ambiguous as to whether Karawi's false reporting sentence should be counted when it had been vacated pending retrial on a related crime. *See* U.S.S.G. § 4A1.2(a)(4) and (c)(1); *see also United States v. Gonzales*, 506 F.3d 940, 942-44 (9th Cir. 2007) (en banc). Moreover, even assuming the offense was improperly counted, Karawi's actual sentence was significantly below the range he now proposes was correct. However, he has not established a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been

3

different," *Strickland*, 466 U.S. at 694, nor the serious error required to satisfy the plain error standard, *see United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc).

**AFFIRMED**.